✏AO 241            Page 2
(Rev. 12/04)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Northern District of Texas |
|---|---|
| Name (under which you were convicted): <br> Tilon Lashon Carter | Docket or Case No.: <br> 4:10-CV-00969-Y |
| Place of Confinement: <br> Polunsky Unit | Prisoner No.: <br> 999517 |
| Petitioner (include the name under which you were convicted) <br><br> Tilon Lashon Carter | Respondent (authorized person having custody of petitioner) <br><br> v.    Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division |
| The Attorney General of the State of Texas ||

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   371st District Court of Tarrant County, Texas
   Tim Curry Justice Center, 5th Floor, 401 W. Belknap, Fort Worth, Texas 76196-7213

   (b) Criminal docket or case number (if you know):    0949973D

2. (a) Date of the judgment of conviction (if you know):    11/16/2006

   (b) Date of sentencing:    11/15/2006

3. Length of sentence:    Death Penalty

4. In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Capital Murder

6. (a) What was your plea? (Check one)

          ☑ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

          ☐ (2) Guilty      ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   Texas Court of Criminal Appeals

(b) Docket or case number (if you know):   AP-75,603

(c) Result:   Conviction and Sentence Affirmed

(d) Date of result (if you know):   1/14/2009

(e) Citation to the case (if you know):   2009 WL 81328

(f) Grounds raised:

(1) Improper disjunctive jury instruction on the manner of causing death; (2) unconsitutional absence of grand jury screening on statutory elements necessary for a death sentence; (3) failure of trial court to suppress confession made after appointment of counsel without sufficient proof of waiver; (4) unconstitutional failure to instruct jury on consequence of a nonunamimous verdict; (5) unconstitutional failure to assign burden of proof beyond reasonable dount on mitigation special punishment issue; (6) unconstitutional failure to instruct jury that aggravating factors must outweigh mitigating factors; (7) failure to instruct jury that a single vote can prevent imposition of the death penalty; (8) Texas execution protocol violates the Eighth Amendment; (9) Texas execution protocol violates the Texas Constitionl (10) mitigation special issue is unconstitutionally vague and indefinite.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241                                                  Page 4
(Rev. 12/04)

        (5) Citation to the case (if you know):

        (6) Grounds raised:

    (h) Did you file a petition for certiorari in the United States Supreme Court?  ☑ Yes  ☐ No

        If yes, answer the following:

        (1) Docket or case number (if you know):  08-9676

        (2) Result:
            Petition for writ of certiorari to the Court of Criminal Appeasl of Texas denied.

        (3) Date of result (if you know):  10/5/2009

        (4) Citation to the case (if you know):  130 S.Ct. 68, 175 L.Ed.2d 46, 2009 WL 81328

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  Texas Court of Criminal Appeals

        (2) Docket or case number (if you know):  WR-70,722-01

        (3) Date of filing (if you know):  9/5/2008

        (4) Nature of the proceeding:  Application for Writ of Habeas Corpus

        (5) Grounds raised:

            (1 & 2) Ineffective assistance of counsel (IAC) for failure timely to consult with and present testimony of forensic pathologist; (3 & 4) IAC for failure to call exculpatory fact witness; (5 & 6) Texas execution protocol violates the Eighth Amendment and the Texas Constitution; (7 & 8) suspension of the writ of habeas corpus in violation of the United States and Texas Constitutions; (9 & 10) unconstitutional failure to instruct jury on consequence of a nonunamimous verdict; (11 & 12) unconsitutional absence of grand jury screening on statutory elements necessary for a death sentence; (13 & 14) failure of trial court to suppress confession made after appointment of counsel without sufficient proof of waiver; (15 & 16) unconstitutional failure to assign burden of proof beyond reasonable dount on mitigation special punishment issue; (17 & 18) mitigation special issue is unconstitutionally vague and indefinite.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☑ Yes  ☐ No

        (7) Result:  Relief Denied

        (8) Date of result (if you know):  12/15/2010

AO 241                                                                                 Page 5
(Rev. 12/04)

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❐   Yes    ❐   No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

✎AO 241 　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6
(Rev. 12/04)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ❒ Yes  ❒ No

    (7) Result:

    (8) Date of result (if you know):

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:  ❒ Yes  ☑ No

    (2) Second petition: ❒ Yes  ❒ No

    (3) Third petition:  ❒ Yes  ❒ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

    The court to which the petition was returnable, and which decided the case, is the highest state court having jurisdiction of the action.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

  CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date</u>.

**GROUND ONE:**
Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's trial attorneys failed timely to contact, confer with, and produce in court the testimony of a forensic pathologist to testify regarding the cause and manner of the victim's death.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241     Page 7
(Rev. 12/04)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
Ineffective assistance of counsel claims are not ordinarily cognizable on direct appeal in Texas.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Application for writ of habeas corpus under Tex. Code Crim. Proc. 11.071

Name and location of the court where the motion or petition was filed:
371st District Court of Tarrant County, Texas
Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know):    C-371-008547-0949973-A; WR-70,722-01

Date of the court's decision:    12/15/2010

Result (attach a copy of the court's opinion or order, if available):
Relief Denied

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
No direct appeal is available in Texas from decisions of the Texas Court of Criminal Appeals.

✎AO 241     Page 8
(Rev. 12/04)

    (e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:
  None


**GROUND TWO:**
  Petitioner was denied rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
  The trial court failed to require proof beyond reasonable doubt at the punishment phase of Petitioner's capital murder trial that no mitigating circumstances existed to warrant a sentence of life imprisonment rather than death.


(b) If you did not exhaust your state remedies on Ground Two, explain why:


    (c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:


    (d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☑   Yes     ☐   No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:     Application for writ of habeas corpus under Tex. Code Crim. Proc. 11.071

        Name and location of the court where the motion or petition was filed:
          371st District Court of Tarrant County, Texas
          Texas Court of Criminal Appeals, Austin, Texas

        Docket or case number (if you know):     C-371-008547-0949973-A; WR-70,722-01

        Date of the court's decision:     12/15/2010

✎AO 241                                                                                                                                           Page 9
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):
Relief Denied

(3) Did you receive a hearing on your motion or petition?                                 ❏ Yes    ☑ No
(4) Did you appeal from the denial of your motion or petition?                            ❏ Yes    ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes    ❏ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
No direct appeal is available in Texas from decisions of the Texas Court of Criminal Appeals.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two
None

**GROUND THREE:**
Petitioner was denied rights under the Eighth and Fourteenth Amendments to the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Application of the Texas statutory rule in capital murder prosecutions which requires the jury to be instructed that punishment-phase issues not be resolved in the defendant's favor unless at least ten jurors agree, and the statutory prohibition against informing the jurors that such agreement has absolutely no effect whatsoever on the judgment, was coercive and undermined the reliability of the jury's sentencing decision.

AO 241 (Rev. 12/04)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Application for writ of habeas corpus under Tex. Code Crim. Proc. 11.071

Name and location of the court where the motion or petition was filed:

371st District Court of Tarrant County, Texas
Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know):   C-371-008547-0949973-A; WR-70,722-01

Date of the court's decision:   12/15/2010

Result (attach a copy of the court's opinion or order, if available):

Relief Denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

&AO 241 (Rev. 12/04)                                                                                          Page 11

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
     No direct appeal is available in Texas from decisions of the Texas Court of Criminal Appeals.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:
  None

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No
    (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      ☐ Yes    ☐ No
    (2) If your answer to Question (d)(1) is "Yes," state:
    Type of motion or petition:

AO 241 (Rev. 12/04)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❒ Yes  ❒ No

(4) Did you appeal from the denial of your motion or petition?  ❒ Yes  ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❒ Yes  ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 12/04)      Page 13

13. Please answer these additional questions about the petition you are filing:

  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes  ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

  (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:
    No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

✎AO 241     Page 14
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:

       Richard Alley, One Summit Avenue, Suite 410, Fort Worth, Texas 76102
       Santiago Salinas, 601 University Drive, Suite 101, Fort Worth, Texas 76107

   (b) At arraignment and plea:

       Richard Alley, One Summit Avenue, Suite 410, Fort Worth, Texas 76102
       Santiago Salinas, 601 University Drive, Suite 101, Fort Worth, Texas 76107

   (c) At trial:

       Richard Alley, One Summit Avenue, Suite 410, Fort Worth, Texas 76102
       Santiago Salinas, 601 University Drive, Suite 101, Fort Worth, Texas 76107

   (d) At sentencing:

       Richard Alley, One Summit Avenue, Suite 410, Fort Worth, Texas 76102
       Santiago Salinas, 601 University Drive, Suite 101, Fort Worth, Texas 76107

   (e) On appeal:

       David Richards, 601 University Drive, Suite 114, Fort Worth, Texas 76107

   (f) In any post-conviction proceeding:

       Jack Strickland, 909 Throckmorton Street, Fort Worth, Texas 76102
       Harmony Schuerman, 909 Throckmorton Street, Fort Worth, Texas 76102

   (g) On appeal from any ruling against you in a post-conviction proceeding:

       N/A

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

       The statute was tolled for a sufficient period to avoid a time-bar during the pendency of a properly filed Texas application for writ of habeas corpus challenging the capital murder conviction and sentence of death in this case.

≈AO 241                                                                                                                                                       Page 15
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 12/04)                                                                Page 16

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Set aside petitioner's capital murder conviction and sentence of death and order that he be released from custody unless the state of Texas retries him within a reasonable time.

or any other relief to which petitioner may be entitled.

                                                   s/ Robin Norris
                                                  Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

                                                  Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Signatory is petitioner's attorney of record regarding the subject matter of this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

\* \* \* \* \*



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-70,722-01

EX PARTE TILON LASHON CARTER

ON APPLICATION FOR WRIT OF HABEAS CORPUS
IN CAUSE NO. 0949973-A IN THE 371ST JUDICIAL DISTRICT COURT
OF TARRANT COUNTY

PER CURIAM.

### ORDER

This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071.

A jury convicted applicant of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and in November 2006, the convicting court sentenced applicant to death. This Court affirmed applicant's conviction and sentence on direct appeal. *Carter v. State*, AP-75,603 (Tex. Crim. App.



EXHIBIT A

Carter - 2

January 14, 2009) (not designated for publication), *cert. denied,* 130 S.Ct. 58 (2009).

Applicant presents eighteen allegations in his application in which he challenges the validity of his conviction and sentence. The trial judge entered findings of fact and conclusions of law and recommended that relief be denied.

This Court has reviewed the record with respect to the allegations made by applicant. We agree with the trial judge's recommendation and adopt the trial judge's findings and conclusions with the following exceptions: under Grounds for Relief 1 and 2, the second and third sentences of findings paragraph 24, and conclusions paragraph 8; under Grounds for Relief 5 through 8, findings paragraph 6, and conclusions paragraphs 2 and 3. Based upon the trial court's findings and conclusions and our own review of the record, relief is denied.

IT IS SO ORDERED THIS THE 15TH DAY OF DECEMBER, 2010.

Publish/ Do Not Publish

True Copy

Attest:

Pearson, Clerk
Criminal Appeals