UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TILON LASHON CARTER, | § | |
| Petitioner | § | |
| | § | |
| v. | § | |
| | § | NO. 4:10-CV-969-Y |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent | § | |

**COUNSEL'S RESPONSE TO PETITIONER'S *PRO SE*
MOTION FOR SUBSTITUTION OF COUNSEL**

On June 11, 2013, Petitioner Tilon Lashon Carter filed a *pro se* motion with this Court requesting substitution of counsel in this cause upon the ground that undersigned counsel, currently his appointed attorney in this Court, was previously found by the Texas Court of Criminal Appeals (CCA) to have filed deficient state applications for writs of habeas corpus in the cases of two other death-row inmates, Hector Rolando Medina and Rodolfo Alvarez Medrano. This Court has called for a response from undersigned counsel for Mr. Carter.

1. The cases to which Mr. Carter refers in his *pro se* motion were state applications for writ of habeas corpus pending before the Texas Court of Criminal Appeals. That of Mr. Medina involved an attempt by me to apply for habeas corpus relief by a simple pleading of grounds for relief without attaching a legal brief in support or documentary offer of proof prior to development of the evidence in court, neither of which is explicitly required by Texas statute law or court rule. It was a deliberate strategic decision, intended by me to improve the chances of an evidentiary hearing in the convicting court, and to avoid a decision on the merits based only on conclusory self-serving affidavits of trial

counsel for the applicant. I expected a ruling and written opinion from the Court of Criminal Appeals to elaborate the factual specificity required in habeas corpus pleadings. Instead, the Court removed me as Mr. Medina's counsel and appointed new counsel to succeed me. *Ex parte Medina*,, 361 S.W.3d 633 (Tex. Crim. App. 2011). A similar consequence followed in Mr. Medrano's case based on the Court's holding in Mr. Medina's case. *Ex parte Medrano*, 2012 WL 5452694 (Tex. Crim. App. No. WR-78123-01, Nov. 7, 2012). I have not been removed from the list of attorneys approved to represent Texas habeas applicants in other capital murder cases.

    2. Unlike my capacity in the cases of *Medina* and *Medrano*, I did not serve as habeas counsel for Mr. Carter in the courts of Texas. Mr. Jack Strickland was his habeas lawyer there. When the Court of Criminal Appeals denied relief on the habeas application filed by Mr. Strickland, I was appointed by this Court to represent Mr. Carter. I evaluated the issues which had been raised in the courts of Texas on Mr. Carter's behalf, both on direct appeal and in the habeas application filed by Mr. Strickland, and I assigned as grounds for relief in this Section 2254 action such exhausted claims under the United States Constitution as I believed would arguably support habeas corpus relief in a federal action. The Attorney General of Texas filed an answer to the petition, I filed a further reply, and the case is still pending decision in this Court. To date, I am aware of no claim that the 2254 petition I filed on Mr. Carter's behalf is deficient.

    3. While it is true that the Court of Criminal Appeals disapproved of my performance in the *Medina* and *Medrano* cases, it is clear from the Court's subsequent written orders in other cases with similarly deficient pleadings that the basis for the Court's decision had more to do with my motives than with any real deficiency in the habeas application itself. See e.g. *Ex parte Renteria*, 2013 WL 2245068 (Tex. Crim. App. No. WR-65627-02, May 22, 2013) . However, none of these issues is involved, or is otherwise analogous to, the pleadings now pending before this Court in Mr. Carter's

case.

    4.  Nevertheless, I think it important that Mr. Carter be represented by counsel in whom he can have confidence.  Under *Martel v. Clair*, __ U.S. __, 132 S.Ct. 1276, 182 L.Ed.2d 135 (2012), the Supreme Court instructed the lower federal courts to permit substitution of habeas counsel when, in their discretion, it would best promote the interests of justice.  Although some misunderstandings persist among death-row inmates concerning the meaning and significance of the CCA opinion in *Medina*, the same is true even among lawyers.  And while I have consistently answered all of Mr. Carter's correspondence as fully as I can, and have furnished him with copies of all documents filed in his federal habeas action, it is not likely I will be able to reassure him or dispel his understandable concerns, based on *Medina* and *Medrano*, about my ability or willingness to represent him effectively.  Therefore, because it is essential, especially in light of the seriousness of his sentence, that Mr. Carter be unconstrained by doubts about the loyalty or competence of his habeas attorney, I am not inclined to oppose or recommend against substitution of counsel in this case under the *Martel* standard.

/s/ Robin Norris
ROBIN NORRIS
Texas Bar No. 15096200
2408 Fir Street
El Paso, TX 79925
(915) 329-4860
robinnorris@sbcglobal.net

ATTORNEY FOR PETITIONER

**CERTIFICATE OF SERVICE**

      I hereby certify that, on June 13, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Kelli L. Weaver
Assistant Attorney General of Texas
Post-Conviction Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711

      I further certify that a paper copy of the foregoing document was mailed to the Petitioner Tilon Lashon Carter, as directed by order of the Court, on June 13, 2013.

      /s/ Robin Norris